FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

OCT 1 8 2005

LUTHER D. THOMAS, Clerk
By: /s/
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHESTER T. AKINS,<br>    Plaintiff, | : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : | |
| SONNY PERDUE,<br>MILTON E. (BUDDY) NIX, JR.,<br>DR. BETTY ANN COOK,<br>DR. EUGENE P. WALKER,<br>GARFIELD HAMMONDS, JR.,<br>J. MICHAEL LIGHT,<br>GARLAND R. HUNT, ESQ.,<br>WAYNE SNOW, JR.,<br>BOBBY K. WHITWORTH,<br>ROBERT L. BROWN,<br>L. GALE BUCKNER,<br>Individually,<br>    Defendants. | : | CIVIL ACTION NO.<br>1:05-CV-0336-TWT |

### ORDER AND OPINION

Plaintiff, Chester T. Akins, previously was granted in forma pauperis status in this 42 U.S.C. § 1983 action. The matter is now before the Court on the complaint (Doc. No. 1), as amended (Doc. No. 4), for screening pursuant to 28 U.S.C. § 1915A, and on Plaintiff's motion for an order requiring service (Doc. No. 5).

AO 72A
(Rev.8/82)

I. **28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., the factual allegations are "clearly baseless," the legal theories are "indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A litigant fails to state a claim when "no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in

2

support of the claim, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003), cert. denied, 540 U.S. 1219 (2004).

## II. Discussion

### A. Background

Plaintiff is serving a life sentence for crimes committed in 1972, at which time the Georgia Board of Pardons and Paroles' (hereinafter "Board's") "rules required an annual reconsideration hearing" for release on parole. Akins v. Snow, 922 F.2d 1558, 1565 (11th Cir. 1991). In 1989, Plaintiff complained that the Board, in violation of the Ex Post Facto Clause, was applying to him a new rule that only required a parole reconsideration hearing every eight years. Akins v. Snow, No. 1:88-CV-2421-RCF (N.D. Ga. Jan. 17, 1992). Plaintiff lost in the district court, and on appeal, the Eleventh Circuit Court of Appeals held that Plaintiff was entitled to annual reconsideration hearings and that the Board's application of the new eight-year rule to Plaintiff violated the Ex Post Facto Clause. Akins, 922 F.2d at 1565, 1562. The Eleventh Circuit stated that the term parole reconsideration hearing includes "the Board's interview of the inmate, the Board's investigation of the inmate, the Board's discussion of the inmate and the Board's subsequent decision whether the inmate should be paroled." Id. at 1562 n.8. That appellate decision was made the judgment

3

of this Court, and the Board was ordered to schedule Plaintiff for reconsideration hearings as outlined in Akins, 922 F.2d 1558. Akins, 1:88-CV-2421 (orders entered April 29, 1991, and January 17, 1992). Notably, notwithstanding subsequent changes in the law,[1] the Eleventh Circuit's determination that Plaintiff is entitled to annual reconsideration hearings appears settled as to Plaintiff. See Precision Air Parts, Inc. v. Avco Corp., 736 F.2d 1499, 1503 (11th Cir. 1984) (stating that "the general rule in this circuit and throughout the nation is that changes in the law after final judgment do not prevent the application of . . . collateral estoppel, even though the grounds on which the decision was based are subsequently overruled").

In 2000, Plaintiff filed Akins v. Ray, No. 1:00-CV-469-TWT (N.D. Ga. Aug. 20, 2001), seeking to enforce his entitlement to an annual reconsideration hearing. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (discussing Akins, 1:00-CV-469). In Akins, 1:00-CV-469, the State of Georgia consented to a permanent injunction that it would annually reconsider Plaintiff for parole, and this Court entered

---

[1] The United States Supreme Court indirectly overruled Akins, 922 F.2d 1558, and held that application of the eight-year rule did not necessarily violate the Ex Post Facto Clause, and that to show an ex post facto violation, an inmate must show that application of a new rule created a significant risk of increasing his or her punishment. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002) (citing Garner v. Jones, 529 U.S. 244 (2000)).

4

an order that "the Georgia Board of Pardons and Paroles is hereby permanently enjoined and ordered to . . . apply the reconsideration rule in effect at the time of Plaintiff's offense (at least annually) to all future parole reconsiderations until Plaintiff has served his sentence or been paroled." Akins v. Ray, No. 1:02-CV-603-TWT (N.D. Ga. Oct. 31, 2002) (quoting order in Akins, 1:00-CV-469); Swan, 293 F.3d at 1253 (same). In March 2002, Plaintiff filed Akins, 1:02-CV-603, and challenged the Board's June 13, 2002, denial of parole because it was based on Plaintiff's talk with a member of the Board's staff rather than on an interview by an actual Board member.[2] (See Doc. No. 1 at 9, 14-15.) In Akins, 1:02-CV-603, this Court found that Plaintiff's talk with a member of the Board's staff satisfied the requirement of a Board interview and granted summary judgment to the defendants. (See id.)

**B.   Plaintiff's Current Claims**

In the instant action, Plaintiff claims that Defendants–in violation of prior court orders and the consent decree–have on three occasions failed to afford him the required annual reconsideration hearings. (Doc. Nos. 1, 4.) Plaintiff asserts that: (1) on July 14, 2003, he was denied parole without a hearing or interview of any type;

---

[2] Plaintiff states that Mr. Larry Thompson, who said he worked for the Board, interviewed him on April 15, 2002. (Doc. No. 1, attach. aff.)

5

(2) on June 2, 2004, he was denied parole after speaking with Thompson, staff employee of the Board, on March 24, 2004, but without a hearing before a Board member; and (3) on June 2, 2005, he was again denied parole without a hearing or interview of any type. (Doc. No. 1 at 15 and attach. aff.; Doc. No. 4.) Plaintiff claims that the Board has unlawfully repealed Board Rule 475-3-.11 and removed his entitlement to an interview with a Board member. (Doc. No. 1 at 15, 17.) Plaintiff further claims that Defendants have conspired to retaliate against him for pursuing legal redress of his grievances and have subjected him to unequal treatment. (Id. at 16, 18-25.) As some evidence for his retaliation claim, Plaintiff asserts that 627 inmates serving life sentences in the Georgia prison system (most of whom were convicted after Plaintiff) have been paroled after serving an average of twelve years imprisonment. (Id. at 16.)

Plaintiff seeks to hold Defendants in contempt for violating the decisions and/or consent decree in his favor in Akins, 1:88-CV-2421 (making Akins, 922 F.2d 1558 the mandate of this Court) and in Akins, 1:00-CV-469. Plaintiff seeks damages related to Defendants' alleged contempt, declaratory and injunctive relief, and damages related to the alleged conspiracy and retaliation. (Id. at 4, 31-33).

6

AO 72A
(Rev.8/82)

## 1. Retaliation, Conspiracy, and Equal Protection Claims

The First Amendment protects the rights to freedom of speech and "to petition the Government for a redress of grievances." U.S. Const. amend. I. To state a First Amendment retaliation claim under § 1983, a plaintiff must allege: (1) that he engaged in protected speech, (2) retaliatory conduct that would deter "a person of ordinary firmness" from engaging in protected speech, and (3) a causal connection between the protected activity and alleged retaliation. See Bennett v. Hendrix, _ F.3d _, 2005 WL 2174056 *2 (11th Cir. 2005) (citing Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005); Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002)).[3] A prisoner must present factual allegations that he engaged in a protected activity and that an adverse action was taken because of the protected activity. See Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985). Further, "the plaintiff must show that his speech was a 'substantial' or 'motivating' factor in the allegedly retaliatory" action. Gattis v. Brice, 136 F.3d 724, 726 (11th Cir.

---

[3] The cited cases state the third factor as a causal connection between the protected activity and alleged retaliation. Constantine, 411 F.3d at 499; Keenan, 290 F.3d at 258. The Eleventh Circuit requires as the third factor, a "causal connection between the retaliatory actions and the adverse effect on speech," and appears to include the causal connection between the protected activity and retaliatory conduct in the second factor. Bennett, _ F.3d at _, 2005 WL 2174056 *2.

7

1998) (citations omitted). In situations where factual allegations of direct retaliatory intent are not possible, allegations of retaliation and a "chronology of events which may be read as providing some support for an inference of retaliation" are sufficient to state a claim. McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979) (persuasive authority, favorably cited in Bridges).

The Equal Protection Clause requires that the government treat similarly situated persons alike. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, Plaintiff must allege "that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (citing Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir.1986) (per curiam)); Thomas v. Georgia State Bd. of Pardons and Paroles, 881 F.2d 1032, 1034 n.3 (11th Cir. 1989) (stating that Plaintiff must show that parole decision was "made on the basis of race, poverty, or some other constitutionally invalid reason . . . and that similarly situated inmates who were not members of the protected class received parole"). Notably, conclusory allegations are insufficient to state a § 1983 claim of conspiracy to violate constitutional rights. See

8

GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1370 (11th Cir.1998).

Here, Plaintiff's conclusory allegations of a conspiracy fail to state a conspiracy claim. See id. Further, although Plaintiff has alleged that he engaged in protected speech (seeking to enforce court orders) and the Board retaliated against him by denying him parole hearings and parole, his conclusion regarding the ultimate fact of retaliation, without more, fails to state a claim. Plaintiff alleges no factual connection between his litigation activities–filing 1:88-CV-2421, 1:00-CV-469, 1:02-CV-603, and the instant action–and the contested denials of parole. Neither has Plaintiff alleged facts from which a retaliatory motive can plausibly be inferred. See Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (persuasive authority indicating that a retaliation claim requires that the plaintiff allege facts showing retaliation or from which "retaliation may plausibly be inferred," such as a suspect "chronology of events"). This Court discerns no suspect chronology between the filing and/or service dates of Plaintiff's prior complaints and the dates on which the Board denied Plaintiff parole.[4] As a final matter, Plaintiff's allegations of unequal treatment fail in that he

---

[4] Akins, 1:00-CV-469, was filed in February 2000 and service was accomplished in August of 2000; Akins, 1:02-CV-603, was filed in March 2002 and waiver of service was returned in August of 2002; the instant action was filed in February 2005. The contested parole actions occurred on July 14, 2003, June 2, 2004, and June 2, 2005.

has not alleged that he is a member of a protected class and Defendants have treated him differently on that account. See Jones, 279 F.3d at 946-47.

### 2. Contempt and Related Damage Claims for Failing to Hold Parole Hearings

Orders of injunctive relief are binding "upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). Civil contempt is a "proceeding brought to enforce a court order that requires the defendant to act in some defined manner," and "may be used to coerce the defendant into compliance . . . and to compensate the complainant for losses suffered." Mercer v. Mitchell, 908 F.2d 763, 768 & n.8 (11th Cir. 1990). "The plaintiff [who] would like the defendant to obey the court order . . . requests the court to order the defendant to show cause why he should not be held in contempt and sanctioned." Id. As a general rule contempt proceedings are "instituted and tried as a part of the main cause." Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 444-45 (1911). To succeed Plaintiff must show that: "(1) a valid court order was in effect; (2) the order was clear and unambiguous; and (3) the alleged violator could have complied with the court's order, had he chosen to do so." Taylor

v. Teledyne Techs., Inc., 338 F. Supp. 2d 1323, 1345-46 (N.D. Ga. 2004) (citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002)).

This Court finds that Governor Perdue lacks authority to grant or deny parole to Plaintiff, and the contempt and related damage claims against the Governor fail. See O.C.G.A. § 42-9-20. Further, Plaintiff's challenge in regard to the June 2, 2004, denial of parole and the related March 24, 2004, hearing fails. In accord with this Court's finding in Akins, 1:02-CV-603, the March 24, 2004, interview with Thompson, an employee of the Board, satisfies the hearing requirement. Nonetheless, Plaintiff presents non-frivolous contempt and related damage claims in regard to the July 14, 2003, and June 2, 2005, denials of parole without a hearing. Although such claims generally would be liberally construed as being brought in the original action as a motion for a show cause order, there are two underlying judgments involved, and this Court finds that, in order to avoid confusion, the contempt and related damage claims shall proceed in the instant action.

### III. Conclusion

For the reasons stated above,

It is **ORDERED** that all claims against Governor Perdue are **DISMISSED**.

11

It is **ORDERED** that the conspiracy, retaliation, and equal protection claims are **DISMISSED** against all Defendants.

It is **ORDERED** that, pursuant to 28 U.S.C. § 1915A, Plaintiff's contempt and related damage claims are **ALLOWED TO PROCEED**. Because service shall be directed, the motion for an order requiring service (Doc. No. 5) is **DENIED** as moot.

It is **FURTHER ORDERED** that, upon receipt of service, Defendants are **ORDERED** to answer and **SHOW CAUSE** why they should not be held in contempt of the decisions and/or consent decree in Akins, 1:88-CV-2421 (making Akins, 922 F.2d 1558 the mandate of this Court) and in Akins, 1:00-CV-469 and sanctioned.

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for each remaining Defendant and the initial disclosures form. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each remaining Defendant named in the complaint and to complete the initial disclosures form. Plaintiff is **DIRECTED** to return the completed material to the Clerk of Court within twenty (20) days from the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S.

AO 72A
(Rev.8/82)

Marshal's Service a service package for each Defendant who failed to return an executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this 18 day of October, 2005.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE