IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHESTER T. AKINS,

   Plaintiff,

    v.

SONNY PERDUE, Individually, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-336-TWT

OPINION AND ORDER

This is a pro se civil rights action. It is before the Court on the Plaintiff's Motion for Contempt [Doc. 32] and the Defendants' Cross-Motion for Summary Judgment [Doc. 35]. For the reasons set forth below, the Plaintiff's motion is DENIED and the Defendants' motion is GRANTED.

I. BACKGROUND

On May 9, 1973, Plaintiff Chester T. Akins was convicted of kidnapping, rape, and burglary for offenses committed on November 19, 1972. (Smith Aff. ¶ 6.) He was originally sentenced to death. After vacating his death sentence, the Georgia Supreme Court ordered that the Plaintiff be sentenced to life in prison on the rape and kidnapping counts. At that time, the Georgia Board of Pardons and Paroles (the "Board") was required to reconsider inmates for parole annually. In 1985, however,

the Board amended its rules, requiring parole reconsideration only every eight years. Thereafter, in 1988, the Plaintiff filed suit in this Court alleging that application of the amended rule violated the Ex Post Facto Clause of the United States Constitution. Akins v. Snow, No. 1:88-CV-2421-RCF (N.D. Ga. Jan. 17, 1992). The District Court denied relief. On appeal, the Eleventh Circuit Court of Appeals held that the Ex Post Facto Clause prohibited the Board from applying the new reconsideration rule retroactively and that the Plaintiff was entitled to annual reconsideration hearings. Akins v. Snow, 922 F.2d 1558, 1564-65 (11th Cir. 1991). In 2000, the Plaintiff brought suit again, seeking to enforce his entitlement to an annual reconsideration hearing. Akins v. Ray, No. 1:00-CV-469-TWT. In that case, the State of Georgia consented to a permanent injunction that it would annually reconsider the Plaintiff for parole. Accordingly, on August 17, 2001, this Court entered an order, stating that:

> [T]he Georgia Board of Pardons and Paroles is hereby permanently enjoined and ordered to reconsider the Plaintiff immediately for parole and to apply the reconsideration rule in effect at the time of Plaintiff's offense (at least annually) to all future parole reconsiderations until Plaintiff has served his sentence or been paroled.

(Smith Aff., Ex. 6.)

In the present suit, the Plaintiff contends that the Defendants, in violation of the August 17, 2001 Order, failed to afford him the required annual reconsideration hearings in 2003, 2004, and 2005. As a result, the Plaintiff seeks: (1) to hold the

Defendants in contempt; (2) damages related to the alleged contempt; and (3) declaratory and injunctive relief. In addition, the Plaintiff claims that the Board unlawfully repealed Rule 475-3-.11, which required interviews of certain life-sentence inmates; conspired to retaliate against him for pursuing legal redress of his grievances; and subjected him to unequal treatment in violation of the Equal Protection Clause.

This Court conducted an initial frivolity screening, pursuant to 28 U.S.C. § 1915A, and dismissed the Plaintiff's conspiracy, retaliation, and equal protection claims. The Court also dismissed the contempt and related damages claims against Governor Perdue, holding that the Governor lacks authority to grant or deny parole to the Plaintiff. (Order, Oct. 18, 2005.) The Plaintiff subsequently filed a motion for contempt and sanctions based on the Defendants' alleged failure to comply with the Court's previous order in Akins v. Ray, No. 1:00-CV-469-TWT (N.D. Ga. Aug. 17, 2001). Finding that the motion addressed the merits of the Plaintiff's claim, the Court determined that the contempt motion should be construed as one for summary judgment. (Order, Feb. 15, 2006.) The Defendants responded and moved for summary judgment on the Plaintiff's contempt and related damages claim.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. DISCUSSION

The Plaintiff claims that the Defendants failed to comply with this Court's Order of August 17, 2001, issued in the previous case of Akins v. Ray. In that Order, the Court did not specify the form that the Plaintiff's parole reconsideration determination should take. Rather, the Court ordered only that the reconsideration be done on at least an annual basis and in accordance with the reconsideration rule in effect at the time of the Plaintiff's offense. (Smith Aff., Ex. 6.) It is undisputed that the Board reconsidered the Plaintiff for parole on an annual basis for the last three

years, denying parole in July 2003, June 2004,[1] and June 2005.  (Pl.'s Mot. for Contempt, Exs. 7-9.)  However, the Plaintiff contends that he was entitled to, but did not receive, an in-person interview by a member of the Board prior to those parole decisions and, thus, the reconsiderations were insufficient.

As noted, the Court's August 17, 2001 Order stated that the Board must "apply the reconsideration rule in effect at the time of Plaintiff's offense."  At the time of the Plaintiff's offense, Rule 475-3-.05(2) governed parole consideration.[2]  It required only that parole reconsideration "take place at least annually."  (Smith Aff. ¶ 7 & Ex. 3.)  In 1985, the Board adopted Rule 475-3-.11, which required a Board Member to interview life-sentenced inmates nearing their second or later parole consideration date, if certain criteria were met.  (Smith Aff. ¶ 8 & Ex. 4).  However, that requirement is inapplicable to the parole reconsideration determinations at issue here.  First, Rule 475-3-.11 did not go into effect until October 1, 1985, nearly 13 years after the date of the Plaintiff's offenses.  (Id.)  Thus, the August 17, 2001 Order did not

---

[1] The Plaintiff concedes that on March 24, 2004, in connection with the June 2004 parole reconsideration, he was interviewed by Larry Thompson, an employee of the Parole Board.  (Pl.'s Mot. for Contempt at 8.)  The Court has previously held that this satisfies the reconsideration requirements and, thus, the Plaintiff's challenge to the 2004 denial of parole fails.  (Order, Oct. 18, 2005, at 11.)

[2] Rule 475-3-.05 was in effect from February 9, 1972, until January 27, 1974. (Smith Aff. ¶ 7 & Ex. 3.)

require compliance with the rule. Furthermore, in September 1991, Rule 475-3-.11 was repealed in its entirety. (Id. ¶ 8 & Ex. 5.) Because the reconsideration rule in effect at the time of the Plaintiff's offense required only annual review, without specifying any particular procedures, the Court is satisfied that the Parole Board has complied with the terms of the August 17, 2001 Order.

Although the Plaintiff's claim focuses on compliance with this Court's Order, he also seems to argue that the Eleventh Circuit's decision in Akins v. Snow, 922 F.2d 1558 (11th Cir. 1991), mandates an in-person interview. (See Pl.'s Mot. for Contempt at 5-6.) To the extent that the Plaintiff relies on Akins v. Snow, however, his reliance is misplaced. The issue in that case was limited to whether a 1985 amendment to the parole rules requiring reconsideration only every eight years could be applied to inmates convicted of crimes at a time when the parole rules provided for reconsideration on an annual basis. Akins v. Snow, 922 F.2d at 1560. As noted above, the Eleventh Circuit held that the Ex Post Facto Clause prohibited the Parole Board from applying the new reconsideration rule retroactively.[3] Id. at 1564-65. As such, the Plaintiff was entitled to annual parole reconsideration hearings, in

---

[3] In Garner v. Jones, 529 U.S. 244 (2000), the Supreme Court held that retroactive application of the 1985 amendment to Georgia's schedule of parole reconsideration does not necessarily violate the Ex Post Facto Clause. Garner, 529 U.S. at 256. This decision effectively overruled the Eleventh Circuit's holding in Akins v. Snow. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).

accordance with the rules in existence at the time the offenses were committed. In a footnote, the Eleventh Circuit noted that its use of the phrase "parole reconsideration hearing" included "the Board's interview of the inmate, the Board's investigation of the inmate, the Board's discussion of the inmate and the Board's subsequent decision whether the inmate should be paroled." Akins v. Snow, 922 F.2d at 1561 n.8. Although including the inmate interview in the list of actions encompassed by the phrase, the Eleventh Circuit did not hold that an in-person interview is mandated. In fact, O.C.G.A. § 42-9-43, the statute cited by the Eleventh Circuit in connection with its definition, provides only that the Board is permitted to conduct a personal examination of an inmate prior to releasing him on parole, but the statute does not require such an interview. O.C.G.A. § 42-9-43(b). Moreover, this Court has previously recognized in a related case that "[n]either the Due Process Clause nor the Ex Post Facto Clause mandate a face to face hearing before a member of the Board." Akins v. Ray, No. 1:02-CV-603-TWT (N.D. Ga. Oct. 30, 2002). Because the August 17, 2001 Order, Georgia law, the Parole Board rules, and the Constitution do not require the Plaintiff to be interviewed by a Board Member prior to a parole reconsideration determination, the Defendants are entitled to summary judgment.

## IV.  CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Contempt [Doc. 32] is DENIED, and the Defendants' Cross-Motion for Summary Judgment [Doc. 35] is GRANTED.  The Clerk is directed to enter final judgment in favor of the Defendants.

SO ORDERED, this 18 day of April, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge